NONCONFIDENTIAL

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| THE ALUMINUM ASSOCIATION COMMON ALLOY ALUMINUM SHEET TRADE ENFORCEMENT WORKING GROUP, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Court No. 23-00251 |

## COMPLAINT

The Aluminum Association Common Alloy Aluminum Sheet Trade Enforcement Working Group and its individual members (Arconic Corporation; Commonwealth Rolled Products Inc.; Constellium Rolled Products Ravenswood, LLC; JW Aluminum Company; Novelis Corporation; and Texarkana Aluminum, Inc.) (collectively, "Plaintiffs") through their attorneys, allege and state as follows:

## JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1581(c), as this action is brought pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and (a)(2)(B)(iii).

2. Plaintiffs contest certain factual findings and legal conclusions in the United States Department of Commerce's ("Commerce" or "the Department") first administrative review of the antidumping duty order common alloy aluminum sheet from the Turkey. The final results of the Department's administrative review were published as <u>Common Alloy Aluminum Sheet From Turkey: Final Results of Antidumping Duty Administrative Review; 2020– 2022</u>, 88

Fed. Reg. 77,550 (Dep't Commerce Nov. 13, 2023) (hereinafter, "Final Results") and the accompanying Issues and Decision Memorandum for the Final Results of the Administrative Review of the Antidumping Duty Order on Common Alloy Aluminum Sheet from Turkey; 2020-2022 (Dep't Commerce Nov. 3, 2023) (hereinafter, "Issues and Decision Memorandum").

## STANDING OF PLAINTIFFS

3.      The individual members of the Aluminum Association Common Alloy Aluminum Sheet Trade Enforcement Working Group are manufacturers, producers, and/or wholesalers in the United States of the domestic product that is like common alloy aluminum sheet. Additionally, the Aluminum Association Common Alloy Aluminum Sheet Trade Enforcement Working Group is a trade or business association, a majority of whose members manufacture, produce, or wholesale the domestic like product in the United States.  Plaintiffs were Petitioners in the underlying agency investigation that lead to the imposition of the antidumping duty order on common alloy aluminum sheet from Turkey and actively participated in the first administrative review of that antidumping order as parties to the proceeding.[1]  As such, Plaintiffs are interested parties within the meaning of section 771(9)(C) and (E) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1677(9)(C) and (E), and Plaintiffs have standing to bring this action pursuant to 28 U.S.C. § 2631(c).

---

[1]      During the Commerce Department's conduct of the underlying investigation (i.e., in April 2020), one of the petitioning companies – Aleris Rolled Products Inc. – was acquired by Novelis Corporation, another petitioner.  As a condition of the sale, the U.S. Department of Justice required that a portion of the assets of Aleris Rolled Products Inc. be sold.  Commonwealth Rolled Products Inc. ("Commonwealth") is the name of the corporate entity that now owns the sold off assets – and Commonwealth now operates a mill in Lewisport, Kentucky that was previously owned and operated by Aleris.

NONCONFIDENTIAL

## TIMELINESS OF THIS ACTION

4.      The Department's Final Results were published in the Federal Register on November 13, 2023 (88 Fed. Reg. 77,550). Pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and U.S. Court of International Trade Rule 3(a)(2), Plaintiffs filed a Summons with the Court within 30 days of the date on which the Final Results were published in the Federal Register (see ECF No. 1, dated December 4, 2023) and this Complaint is being timely filed within 30 days of the filing of the Summons.

## STATEMENT OF CLAIMS AND BASIS FOR RELIEF

### COUNT I

5.      Paragraphs 1 through 4 above are re-alleged and incorporated herein by reference.

6.      Pursuant to 19 U.S.C. § 1677a(c)(1)(B), the Department increases the export price or constructed export price by "the amount of any import duties imposed by the country of exportation which have been rebated, or which have not been collected, by reason of the exportation of the subject merchandise to the United States." The Commerce Department commonly refers to this adjustment as a "duty drawback adjustment." See, e.g., Saha Thai Steel Pipe (Pub.) Co. v. United States, 635 F.3d 1335, 1338 (Fed. Cir. 2011) (citation omitted) (hereinafter, "Saha Thai"); see also Issues and Decision Memo at 5.

7.      In determining whether a particular respondent is eligible to receive a duty drawback adjustment, the Department applies a two-pronged test that seeks to determine whether: (1) the rebate or exemption of an otherwise payable import duty is linked to the exportation of the subject merchandise; and (2) there are sufficient imports of the raw material to

account for the duty drawback paid by the subject country government upon the export of subject merchandise. See Saha Thai, 635 F.3d at 1340-41 (citation omitted).

8. Moreover, Commerce's practice in proceedings involving merchandise from Turkey is to grant a duty drawback adjustment only with respect to inward processing certificates that have closed, a practice that has been sustained by the U.S. Court of International Trade. See Habas Sinai ve Tibbi Gazlar Istihsal Endustrisi A.S. v. United States, 439 F. Supp. 3d 1342, 1349 (Ct. Int'l Trade 2020) (finding that "Commerce reasonably predicates its inclusion of {inward processing certificates} on evidence of closure as demonstrating final duty exemption"); see also ICDAS Celik Enerji Tersane ve Ulasim Sanayi, A.S. v. United States, 2023 Ct. Intl. Trade LEXIS 127, at *14-17 (Ct. Int'l Trade Aug. 23, 2023); Noksel Celik Boru Sanayi A.S. v. United States, 2023 Ct. Intl. Trade LEXIS 126, at *9-14 (Ct. Int'l Trade Aug. 23, 2023).

9. Commerce chose as one of two mandatory respondents for the underlying administrative review Assan Aluminyum Sanayi ve Ticaret A.S., Kibar Americas, Inc., and Kibar Dis Ticaret A.S. (collectively, "Assan"). Issues and Decision Memo at 1.

10. In the Final Results, Commerce improperly calculated Assan's duty drawback adjustment. Specifically, Commerce "divide{d} the amount of total duties exempted on closed {inward processing certificates} by the total quantity of exports made under those closed {inward processing certificates} to calculate a per-unit duty drawback adjustment," which Commerce assigned to all of Assan's U.S. sales. Issues and Decision Memo at 6. Commerce further stated that this methodology "reasonably reflects the duties actually exempted for the exports of subject merchandise made to the United States during the" period of review ("POR"). Id.

11.     Commerce's methodology is contrary to the plain language of the statute.  By dividing the total amount of duties exempted by the Turkish government on a closed inward processing certificate over Assan's total exports made under such closed inward processing certificates, and then assigning that per unit adjustment to all U.S. sales, the Department has failed to base the duty drawback adjustment on "the amount" of import duty liability forgiven by the Turkish government "by reason of the exportation of the subject merchandise to the United States."  19 U.S.C. § 1677a(c)(1)(B).  Instead, "the amount" is based on Assan's U.S. sales volume, which is contrary to the statute's plain-language.

12.     Additionally, the statute requires an adjustment to export price or constructed export price of "the amount of any import duties . . . which have not been collected, by reason of the exportation of <u>the subject merchandise</u> to <u>the United States</u>."  19 U.S.C. § 1677a(c)(1)(B) (emphases added).  Commerce's methodology in the <u>Final Results</u> grants Assan a duty drawback adjustment that includes duty liability forgiven by the Turkish government by reason of Assan's [

]  Thus, Commerce's duty drawback adjustment is contrary to the statute's plain language and, thus, not in accordance with law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

(a)     Hold that Commerce's <u>Final Results</u> are not supported by substantial evidence and are not otherwise not in accordance with law with respect to the claims advanced by Plaintiffs in this Complaint;

    (b)    Remand the <u>Final Results</u> to Commerce with instructions to correct the errors set forth in this Complaint; and

    (c)    Provide such other relief as this Court deems just and appropriate.

Respectfully submitted,

/s/ John M. Herrmann

JOHN M. HERRMANN
PAUL C. ROSENTHAL
JOSHUA R. MOREY
KELLEY DRYE & WARREN LLP
3050 K Street, N.W., Suite 400
Washington, DC  20007
(202) 342-8400

Counsel to Plaintiffs

Dated:  December 21, 2023

## CERTIFICATE OF SERVICE AND NOTICE TO INTERESTED PARTIES

### Aluminum Association Common Alloy Aluminum Sheet Trade Enforcement Working Group et al. v. United States
### CIT Court No. 23-00251

Pursuant to Rule 3(f) of the Rules of the Court of International Trade, I, John M. Herrmann, hereby certify that on December 21, 2023, copies of the foregoing Nonconfidential Complaint were served upon the following individuals and notified all the interested parties who were a party to the proceeding below, by certified mail, return receipt requested:

### UPON THE UNITED STATES

Attorney-In-Charge
International Trade Field Office
Commercial Litigation Branch
U.S. Department of Justice
26 Federal Plaza
New York, NY 10278-0001

Director, Civil Division
Commercial Litigation Branch
U.S. Department of Justice
1100 L Street, N.W., Room 12124
Washington, DC 20530

### UPON THE U.S. DEPARTMENT OF COMMERCE

General Counsel
U.S. Department of Commerce
14th Street & Constitution Avenue, N.W.
Washington, DC 20230

Ms. Evangeline Keenan, Esq.
Director, APO/Dockets Unit
U.S. Department of Commerce
14th Street & Constitution Avenue, N.W.
Room 1874
Washington, DC 20230

**On behalf of Assan Aluminyum Sanayi ve Ticaret A.S., Kibar Americas, Inc., and Kibar Dis Ticaret A.S.**

Matthew Nolan, Esq.
Arent Fox Schiff LLP
1717 K Street, N.W.
Washington, DC 20006
matthew.nolan@afslaw.com

**On behalf of ASAS Alüminyum Sanayi ve Ticaret A.S.**

Julie C. Mendoza, Esq.
Morris, Manning & Martin, LLP
1333 New Hampshire Avenue NW
Suite 800
Washington, D.C. 20036
jmendoza@mmmlaw.com

**On behalf of Teknik Aluminyum Sanayi A.S.**

Kristen Smith, Esq.
Sandler, Travis & Rosenberg, P.A.
1300 Pennsylvania Avenue, N.W., Suite 400
Washington, DC 20004-3002
ksmith@strtrade.com

Mary S. Hodgins, Esq.
Morris, Manning & Martin, LLP
1333 New Hampshire Avenue NW
Suite 800
Washington, D.C. 20036
mhodgins@mmmlaw.com

        /s/ John M. Herrmann
        JOHN M. HERRMANN
        KELLEY DRYE & WARREN LLP